UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LORENDA EDWARDS | § § § | |
| v. | § § | CIVIL NO. 4:25-CV-452-SDJ |
| GENESCO INC., | § § § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Genesco Inc.'s Unopposed Motion to Transfer Venue. (Dkt. #8). Genesco seeks to transfer this case to the Northern District of Florida under the first-to-file rule. Because the Court concludes that Genesco satisfies that rule, the motion will be **GRANTED**.

## I. FACTUAL BACKGROUND

On April 29, 2025, Audra Edwards filed a lawsuit against Genesco in the United States District Court for the Northern District of Florida, styled *Audra Edwards v. Genesco Inc.*, Case Number 1:25-cv-00115-MW-HTC (the "Florida Action"). In the Florida Action, Audra Edwards asserts claims under the Telephone Consumer Protection Act ("TCPA"). Specifically, she alleges that Genesco sent her and others unsolicited telemarketing text messages, even after she had replied with a "STOP" request. Based on these allegations, Edwards seeks to represent five putative classes, including a "TCPA Internal DNC Class," which consists of individuals who allegedly received additional messages from Genesco after sending a "STOP" request. (Dkt. #8 at 1).

The day after the Florida Action was filed, Lorenda Edwards filed her TCPA suit against Genesco in this Court. Like the Florida Action, this case involves allegations that the plaintiff continued to receive telemarketing text messages from Genesco after sending a "STOP" request, and she also seeks to represent a class of similarly situated recipients of Genesco's unwanted text messages. *See* (Dkt. #1).

Genesco now moves to transfer this case to the Northern District of Florida under the first-to-file rule. (Dkt. #8). It contends that the earlier-filed Florida action involves substantially similar factual allegations and legal theories and thus seeks relief on behalf of at least one overlapping class. (Dkt. #8 at 1–2). In response, Lorenda Edwards is unopposed. (Dkt. #8 at 6).

## II. LEGAL STANDARD

The first-to-file rule is a discretionary doctrine resting on "principles of comity and sound judicial administration." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). It has long been recognized that "the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (quotation omitted). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 729 (5th Cir. 1985). As applied, the first-to-file rule is "forward-looking," seeking to preserve judicial resources and avoid inconsistent results by

ensuring that "substantially overlap[ping]" issues are decided in the same federal forum. *Cadle Co.*, 174 F.3d at 603–04.

Applying the first-to-file rule does not require that the cases at issue be identical or that the cases have identical parties. *Syntek*, 121 F.3d at 950–51. Instead, to decide whether substantial overlap exists, courts have looked at factors such as whether the core issue in each case is the same or if much of the proof adduced would likely be identical. *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 78 (5th Cir. 2011) (quotations omitted)). When the overlap between claims is less than complete, courts consider several other factors, including the extent of the overlap, the likelihood of conflict, and the "comparative advantage and interest of each forum in resolving the dispute." *Id.* (quotations omitted). These other factors are applied on a "case by case" basis. *Id.* (quotations omitted).

### III. DISCUSSION

Both this case and the Florida action turn on the same question: Did Genesco violate the TCPA by sending unlawful telemarketing text messages? The plaintiff in each case alleges that Genesco continued to send them marketing text messages even after they replied with a "STOP" request. The legal theories and factual allegations in each complaint are substantially similar, and the Court thus expects that the same or largely overlapping evidence would be introduced in both cases. Indeed, both actions focus on Genesco's alleged practice of sending multiple telemarketing messages after recipients requested that the messages stop. For example, in the Florida Action, the proposed class includes all individuals in the United States who received two or more text messages from Genesco within a twelve-month period after

3

submitting a "STOP" request. (Dkt. #8 at 3.) Likewise, the proposed class here includes all individuals in the United States who received more than one text message from Genesco in any twelve-month period after submitting a do-not-call request. (Dkt. #8 at 3.)

Under similar circumstances, courts regularly apply the first-to-file rule to avoid duplicative litigation and inconsistent judgments. *See, e.g.*, *Burger v. Mil. Sea Lift Command*, 189 F.3d 467, 1999 WL 511534, at *2 (5th Cir. 1999) (unpublished, per curiam) (applying the rule to parallel improper-discharge suits); *Encore Wire Corp. v. Copperweld Bimetallics, LLC*, No. 4:22-CV-232-SDJ, 2023 WL 123506, at *4 (E.D. Tex. Jan. 6, 2023) (finding the rule applied where antitrust claims in two courts tracked one another).

Both actions raise overlapping TCPA claims and seek to certify similar classes under Federal Rule of Civil Procedure 23. Because these cases substantially overlap in subject matter and scope, the first-filed court is best positioned to decide how the litigation should proceed in a manner consistent with sound judicial administration and efficiency. *See Cadle Co.*, 174 F.3d at 606. The Court will therefore transfer this action to the Northern District of Florida.

## IV. CONCLUSION

For these reasons, it is therefore **ORDERED** that Defendant Genesco Inc.'s Unopposed Motion to Transfer Venue, (Dkt. #8), is **GRANTED**.

It is further **ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Northern District of Florida.

**So ORDERED and SIGNED this 24th day of July, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE